QUESTION: Is it mandatory under the provisions of s. 215.44, F. S., that the investment of available funds of the John and Mable Ringling Museum of Art be made by the State Board of Administration?
SUMMARY: It is not mandatory that the State Board of Administration invest the Ringling trust fund; nor is it permissible for the board to do so except at the direction of the governor and cabinet, as head of the Department of General Services, who are successor trustees of the fund under the will of John Ringling. Section 215.44, F.S., provides in part: Except where otherwise specifically provided by the state constitution and subject to any limitations of the trust agreement relating to a trust fund, the board of administration . . . shall invest all the trust funds and all the agency funds of each state agency, as defined in s. 216.011 . . . . The terms of the statute are mandatory, with only two exceptions stated. In regard to the Ringling trust, there is no relevant constitutional provision. Therefore, if the Ringling trust agreement did not contain any limitation to the contract, the State Board of Administration would control the investment of these funds. The Ringling trust was established by the will of John Ringling for the purpose of maintaining and expanding the John and Mable Ringling Museum of Art. The museum itself was bequeathed to the State of Florida, and is managed by a board of trustees created by what is now s. 265.26, F.S. As to the trust fund, the will named three private individuals as trustees and authorized them to invest the funds and to pay over the annual income to the state representative or agency which may have charge of the museum. The will also granted the trustees uncontrolled discretion to give to this state representative or agency any or all of the trust corpus, but only for the purpose of "adding to, embellishing or increasing the contents" of the museum. In 1947, with court approval, the trustees of the fund resigned and named as their successors the Board of Commissioners of State Institutions (composed of the governor and members of the cabinet) and their successors in office. The Board of Commissioners of State Institutions accepted the appointment as trustees, which was approved by the County Court, Sarasota County, on October 7, 1947. Since that time, the Board of Commissioners of State Institutions has had control over the investment of the Ringling trust and the powers and duties specified in the will. In 1969, pursuant to Ch. 69-106, Laws of Florida, the Governmental Reorganization Act, the Board of Commissioners of State Institutions was transferred by a type three transfer to the Department of General Services. Section 22, Ch. 69-106 (s. 20.22, F.S.). A type three transfer was defined in s. 6 of Ch. 69-106 as a merger of an existing agency into a department, including a transfer of all the duties, functions, and assets of the agency. The Department of General Services was created by s. 22 of Ch. 69-106, the head of the department being the governor and cabinet. Since the governor and cabinet members as the Board of Commissioners of State Institutions — and their successors in office — were appointed as trustees of the Ringling trust fund, I am of the view that the governor and the cabinet are still trustees of the fund. The governor and cabinet as head of the Department of General Services are successors to the governor and cabinet as the Board of Commissioners of State Institutions, and it does not appear that they have ever resigned as trustees of the fund in either capacity. It seems that the control of the Ringling trust fund somehow was assumed by the Department of State at some point after the governmental reorganization. Apparently the fact that the members of the Board of Commissioners of State Institutions were trustees of the fund got lost in the reorganizational shuffle, probably due to two reasons. First, it appears that the board had done virtually nothing — and had needed to do nothing — in regard to the fund for several years because the fund had been invested in long-term, low-yield government bonds. Second, there was probably some confusion caused by the fact that s. 10 of Ch. 69-106, supra, transferred to the Department of State the Board of Trustees of the John and Mable Ringling Museum of Art. This board of trustees was created by the legislature in Ch. 59-60, Laws of Florida, to manage the affairs of the museum itself. See present s. 265.26, F.S. From the time it was created until the 1969 reorganization, this board of trustees was under the supervision of the Board of Commissioners of State Institutions. When the investments of the trust fund matured, sometime after 1969, it was probably assumed that the trust fund had been transferred to the Department of State along with the trustees of the museum and that the fund could now be reinvested by either the museum trustees or the Department of State. In any event, in 1972 the Department of State "transferred" the fund (over which it had no lawful control) to the State Board of Administration for investment. The Board of Administration has since been investing the funds. However, as your letter requesting this opinion informs me, the Board of Trustees of the John and Mable Ringling Museum of Art has requested that it be allowed to control the investment of the trust fund. Summarizing what has been said above, the answer to your specific question is that it is not mandatory that the Board of Administration invest the Ringling trust fund, nor is it permissible for the board to do so except at the direction of the governor and cabinet as head of the Department of General Services. Although the board of trustees of the museum was transferred in 1969 from the control of the Board of Commissioners of State Institutions to that of the Department of State, the Ringling trust fund remained under the control of the Board of Commissioners of State Institutions — and their successors in office — as substitute trustees under the will of John Ringling. Under the governmental reorganization act of 1969, the successors in office of the members of the Board of Commissioners are the governor and cabinet as head of the Department of General Services. The governor and cabinet have never resigned as trustees under the will; therefore, they retain the powers and duties granted in the will. The governor and cabinet, then, have the authority to invest the Ringling trust fund, paying over the income therefrom to the board of trustees of the museum. The governor and cabinet may
also invade the corpus of the Ringling trust for the purposes stated in the will.